**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Vincent G. Johnson,

Plaintiff,

v.

Civil No. 01-892 (RHK/SRN)
**MEMORANDUM OPINION AND ORDER**

City of Minneapolis, Skyway Tent Rental, Inc., and McCourt Manufacturing Corporation

Defendants.

---

Terence G. O'Brien, Jr., May & O'Brien, Hastings, Minnesota, for Plaintiff.

Richard Scott Reeves, Office of the City Attorney, Minneapolis, Minnesota, for Defendant City of Minneapolis.

Robert E. Kuderer, Johnson & Condon, Edina, Minnesota, for Defendant Skyway Tent Rental.

Mark S. Brown, Murnane, Conlin, White & Brandt, Saint Paul, Minnesota, for Defendant McCourt Manufacturing Corp.

---

## Introduction

On July 1, 2000, the folding chair upon which Vincent Johnson was sitting while in attendance at the worldwide Alcoholics Anonymous convention collapsed, sending Johnson, aged 80, to the ground and prompting the present tort suit. Johnson, who allegedly sustained "bodily injuries, some of which may be permanent" and "a loss of earning capacity" (Compl. ¶¶ 13, 15), has sued McCourt Manufacturing Corp.

DEC 13 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

("McCourt"), the chair's manufacturer, Skyway Tent Rental ("Skyway"), the chair's owner, and the City of Minneapolis ("the City"), host of the convention and lessee of this "dangerous and defective" instrumentality (id. ¶ 1). Johnson has asserted a negligence claim against the City, negligence and breach of warranty claims against Skyway,[1] and negligence, strict liability, and breach of warranty claims against McCourt. In addition, the co-defendants have cross-claimed against each other for contribution and indemnity. At the close of discovery, the City and Skyway moved for summary judgment on Johnson's claims. For the reasons set forth below, the motions will be granted.

**Background**

After sitting on a folding chair for approximately one-half hour during the July 2002 worldwide Alcoholics Anonymous convention, Vincent G. Johnson fell to the ground as his chair collapsed beneath him. (Reeves Aff. Ex. C (Johnson Dep.) at 89.) Johnson came to a rest lying on top of the entire chair with his head hanging over the backrest, his buttocks on or near the seat bottom, and his legs extended to his front. (Id. at 90.) He weighed approximately 172 pounds at the time of the incident and denies any rough or abnormal usage of the chair. (Reeves Aff. Ex. B (Plaintiff's Expert Report) at 3.) Following its collapse, the chair was removed from service and retained by the Minneapolis Convention Center Central Alarm Station Security personnel. (Id.) Security

[1] Johnson also asserted a strict liability claim against Skyway. Johnson, however, abandoned that claim during the briefing of this motion after Skyway directed his attention to Minn. Stat. § 544.41, the "seller's exception" to strict liability. Accordingly, the Court will dismiss that claim.

personnel also found and retained either one or both of the separated seat fasteners, and removed "[a]n undamaged similar exemplar chair" from service for comparison. (Id.)

Plaintiff's expert was later allowed to examine the chair at Central Alarm Station Security offices. (Id. at 4.) The chair's back and seat were constructed from molded plastic and its frame and legs were made from tubular steel. (Id.) To fold and unfold, the rear leg cross-brace slides backward and forward under a sheet metal "underplate" which restrains its motion relative to the seat bottom. (Id.) The underplate is designed to hold the cross-brace and limit the forward movement of the cross-brace relative to the seat bottom when the seat is unfolded for use. (Id.)

Plaintiff's expert found that the underplate's rear two fasteners were dislodged. (Id.) He concluded that the "subject chair was defectively manufactured and unreasonably dangerous for normal usage. The rear fasteners for the underplate were negligently installed during the manufacturing process." (Id. at 8.) The expert further found that "the subject chair was defectively designed because misalignments of the underplate fasteners and receptacles are not readily observed by visual inspection techniques." (Id.)

In its response to Johnson's request for admissions, McCourt admitted that the chair gave way because some of the chair's fasteners missed the appropriate holes during the manufacturing process. (Reeves Aff. Ex. D (McCourt's Responses to Plaintiff's Request for Admissions) No. 16.)

## Standard of Decision

A party is entitled to summary judgment if the evidence demonstrates that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. Tucker v. Evans, 276 F.3d 999, 1001 (8th Cir. 2002). In viewing the evidence, the Court makes its inferences in the light most favorable to the nonmoving party. Enterprise Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996); see also Adkinson v. G.D. Searle & Co., 971 F.2d 132, 134 (8th Cir. 1992). The burden is on the moving party, Enterprise Bank, 92 F.3d at 747; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), and summary judgment should be granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party. Liberty Lobby, 477 U.S. 242, 250 (1986). In essence, the court performs a threshold inquiry to determine whether there is need for trial. Id.

## Analysis

The City and Skyway argue that summary judgment is appropriate on Johnson's negligence claim because neither party had actual or constructive notice of the chair's defect. Skyway also argues that the Court should grant summary judgment on Johnson's breach of warranty claim because its agreement with the City contained a valid disclaimer of warranties.

## I. Negligence

The City and Skyway have moved for summary judgment on the ground that the chair's defect was not readily observable and therefore neither party had or should have had knowledge that the chair was defective. Under Minnesota law, an act or omission is not negligent unless the actor has knowledge that it involves harm to others. McDonald v. Fryberger, 46 N.W.2d 260, 263 (Minn. 1951). Knowledge is an "essential element of negligence," Rue v. Wenland, 33 N.W.2d 593, 595 (Minn. 1948), and while knowledge may, in some circumstances, be imputed, M.M.D. v. B.L.G., 467 N.W.2d 645, 647 (Minn. Ct. App. 1991), such imputation will only occur when a party "should have known [that] . . . harm should be anticipated." Despatch Oven Co. v. Rauenhorst, 40 N.W.2d 73, 81 (Minn. 1949). Because there is no evidence of actual knowledge in this case, the question, for the purposes of this motion, is whether a reasonable jury could conclude that City or Skyway "should have known" the chair was defective.

The Court finds that a reasonable jury could not so conclude. As Johnson's expert testified, "The subject chair was defectively designed because misalignments of the underplate fasteners *are not readily observed* through visual inspection techniques." (Reeves Aff. Ex. B at 8 (emphasis added).)[2] Indeed, Johnson's expert could not

[2]Although Johnson's expert tries to distance himself from that statement in an affidavit filed with Johnson's opposition to summary judgment, a party cannot defeat summary judgment by submitting an affidavit from its expert contradicting previously sworn testimony. See Garnac Grain Co., Inc. v. Blackley, 932 F.2d 1563, 1568 (8th Cir. 1991). Because the affidavit neither clarifies aspects of his deposition testimony nor appears to stem from any confusion on his part, the Court will exclude it.

determine after close inspection whether the chair's remaining rivets were similarly out of place because their alignment—as with the alignment of the rivets released upon the chair's collapse—was fully concealed by the underplate. (Id. at 7.) Johnson testified that the chair showed no signs of instability or weakness during the half-hour he was sitting on it prior to its collapse. (Reeves Aff. Ex. C at 150-51.) While Johnson argues that Skyway and the City voluntarily undertook a duty to inspect on the basis of their contract and must therefore do so reasonably, there is no evidence that any inspection, reasonable or not, would have revealed the chair's defect. Rather, the undisputed evidence indicates that the chair in question looked and functioned like a normal chair until its collapse. Because there can be no negligence without notice, the Court concludes that summary judgment is appropriate on Johnson's negligence claims against Skyway and the City.

This conclusion is not affected in any way by the eleventh hour "experiment" performed by McCourt's owner, T. Charles McCourt. A month after the close of discovery, Mr. McCourt constructed an "identical model chair" to the chair involved in the accident and "immediately observed differences." (McCourt Aff. ¶ 9.) Mr. McCourt found that "[t]hese differences are noticeable without having to sit in the chair" and that he could "plainly feel instability . . . just by moving, folding, and unfolding it." (Id. ¶¶ 10-11.) Needless to say, Mr. McCourt's late-breaking effort is not properly disclosed expert testimony, not based on first-hand knowledge of the chair in question, and demonstrates nothing so much as that liability loves company. The Court will therefore

disregard evidence of Mr. McCourt's experiment.

## II. Breach of Warranty

Skyway has also moved for summary judgment on Johnson's breach of warranty claim. The warranty rights of the third-party beneficiaries to lease agreements are governed by Minn. Stat. 336.2A-216:

> A warranty to or for the benefit of a lessee under this article, whether express or implied, extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the warranty. The operation of this section may not be excluded, modified, or limited, but *an exclusion, modification, or limitation of the warranty, including with respect to rights and remedies, effective against the lessee is also effective against the beneficiary under this section.*

Id. (emphasis added). Therefore, under Minnesota law, a valid disclaimer in a lease agreement is effective against both the lessor and any third-party beneficiaries to the lease agreement.

Skyway asserts that it validly disclaimed the implied warranties of merchantability and fitness of purpose. In order to exclude or modify the implied warranty of merchantability in a writing, the language must mention merchantability and be conspicuous; to exclude the implied warranty of fitness for purpose, the language must be in writing and conspicuous. Id. § 336.2-316.[3] Language is generally considered conspicuous if it is in capital letters. Id. § 336.1-201(10). Here, the disclaimer reads:

---

[3]"The Article on Sales provide[s] a useful point of reference . . . [and] should be viewed as persuasive but not binding on a court when deciding a similar issue with respect to leases." Minn. Stat. § 336.2A-101 (Comment).

> DISCLAIMER OF WARRANTIES—SKYWAY AND/OR ITS REPRESENTATIVES MAKE NO CLAIM AS TO FITNESS OF PURPOSE OR MERCHANTABILITY OF ITS PRODUCTS OR SERVICES EXCEPT AS EXPRESSLY STATED ON THE FACE OF THE AGREEMENT.

(Kuderer Aff. Ex. F (Skyway Lease Agreement).)

Johnson has not challenged the validity of this disclaimer. Instead, Johnson has launched a fusillade of arguments against the policy of extending warranty disclaimers to third parties. Whatever merit those arguments might have in the abstract—and the Court is skeptical that third parties to a lease agreement are entitled to *more* warranty protection than lessors— the plain language of § 336.2A-216 states that valid disclaimers are "effective against the beneficiary." Barring authoritative case law rendering that language inoperative or concerns of a constitutional nature, the Court must apply that law as written. Accordingly, the Court concludes Skyway validly disclaimed its warranties as to third-party beneficiaries such as Johnson and summary judgment is therefore appropriate.

## Conclusion

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED**:

1) Defendant City of Minneapolis's Motion for Summary Judgment (Doc. 25) is **GRANTED**; Count IV of Plaintiff Johnson's Amended Complaint (Doc. 2) is hereby **DISMISSED WITH PREJUDICE;**

2) Defendant Skyway Tent Rental, Inc.'s Motion for Summary Judgment (Doc. 30) is **GRANTED**; Counts I, II, and III of Plaintiff Johnson's Amended Complaint (Doc. 2), to the extent these counts assert claims against Defendant Skyway Tent Rental, Inc., are hereby **DISMISSED WITH PREJUDICE.**

Dated: 12/13/02

RICHARD H. KYLE
United States District Judge