**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Vincent G. Johnson,**

**Plaintiff,**

**v.**

**City of Minneapolis,**
**Skyway Tent Rental, Inc. and**
**McCourt Manufacturing Corporation,**

**Defendants.**

---

**City of Minneapolis,**

**Cross-claimant,**

**v.**

**Skyway Tent Rental, Inc. and**
**McCourt Manufacturing Corporation,**

**Cross-defendants.**

**Civil No. 01-892 (RHK/SRN)**

**AMENDED NOTICE OF FINAL SETTLEMENT CONFERENCE**

---

A final settlement conference will be held in the above-referenced matter on **January 16, 2003, at 10:30 a.m.,** in Suite 242, Federal Building, 316 North Robert Street, St. Paul, Minnesota, before Magistrate Judge Susan Richard Nelson.

Counsel who will actually try the case and each party, armed with full settlement authority, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved, the responsible agent must be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the

FILED JAN 13 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied. According to the representations of defense counsel, the person who has the power to change the defendant's settlement posture is a certain Hartford Connecticut insurance adjuster identified at the last settlement conference. His presence is, therefore, mandatory.

In light of the fact that the appropriate representative for the defense was not present at the January 10, 2003, conference, the defense is ordered to pay the reasonable costs incurred by plaintiff's counsel in attending the January 10, 2003, conference. Plaintiff's counsel is hereby ordered to submit an affidavit setting forth those costs.

DATED: January 10, 2003

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.